UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRYAN A. ISA, individually
and as Personal Representative
of the Estate of TAMI D. ISA,

    Plaintiff,

v.                                  Case No. 8:19-cv-1115-33JSS

JOHNSON & JOHNSON et al.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiff Bryan A. Isa's Motion to Remand to State Court (Doc. # 10), filed on May 28, 2019. Defendants Johnson & Johnson and Johnson & Johnson Consumer Inc. filed a response on June 11, 2019. (Doc. # 13). Isa filed a reply on June 28, 2019. (Doc. # 17). For the reasons that follow, Isa's Motion is granted.

**I.    Background**

Isa initiated this action against the Johnson & Johnson Defendants, Imerys Talc America, Inc., Personal Care Products Council, and Publix Super Markets, Inc., in Florida state court on December 8, 2017, in his personal capacity and on behalf of his deceased wife, Tami D. Isa. (Doc. # 1-6). In

1

the Complaint, Isa alleges that his wife passed away from ovarian cancer caused by the Johnson & Johnson Defendants' baby powder and "Shower to Shower" powder, which used talc manufactured by Imerys. (Id. at 2, 4).

Subsequently, the Johnson & Johnson Defendants removed the case to this Court on May 9, 2019, based on 28 U.S.C. §§ 1334 and 1452, which grant district courts jurisdiction over cases "related to" pending bankruptcy actions. (Doc. # 1). According to the Johnson & Johnson Defendants, this case is "related to" Imerys' bankruptcy in the United States Bankruptcy Court for the District of Delaware. (Id. at 2). The Johnson & Johnson Defendants contend that they share insurance with Imerys and their agreement contains indemnification and liability-sharing provisions that are implicated by Isa's claims. (Id. at 9). Finally, the Johnson & Johnson Defendants allege "related to" jurisdiction because Imerys is a party to the case. (Doc. # 13 at 4).

The Johnson & Johnson Defendants note that they filed a motion to fix venue in the District of Delaware on April 18, 2019. (Id. at 3). In that motion, they request that the Delaware court decide the proper venue for this case (as well

2

as numerous other actions) and argue that these cases should be consolidated in the Delaware court. (Id.). Indeed, 28 U.S.C. § 157(b)(5) specifies that "the district court in which the bankruptcy case is pending" is responsible for determining whether a personal injury tort or wrongful death case should proceed in "the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose." 28 U.S.C. § 157(b)(5).

Isa contends that, despite this language, the case should be remanded to state court for the following reasons: the Johnson & Johnson Defendants' notice of removal is defective and untimely, this Court lacks subject-matter jurisdiction, and that either mandatory abstention or permissive abstention on equitable grounds applies. (Doc. # 10 at 3-4). The Johnson & Johnson Defendants have responded in opposition. (Doc. # 13). Isa filed a reply on June 28, 2019 (Doc. # 17), and the Motion is ripe for review.

II. **Discussion**

The first issue to consider in this case is whether the Johnson & Johnson Defendants' removal was timely. Because the

removal was not timely, this Court grants Isa's Motion on that basis.

The Johnson & Johnson Defendants removed this case pursuant to 28 U.S.C. § 1452 which states:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

Section 1334 states: "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Neither of these statutes mention a timeframe by which the removal must be completed.

Isa argues that the 30-day deadline for removal based on receipt of an "other paper" under 28 U.S.C. § 1446(b)(3) applies. (Doc. # 10 at 5-7). Section 1446 is the general statute governing the procedures for removal of civil actions. If that deadline applies, the May 9, 2019 removal was untimely because the Johnson & Johnson Defendants were

served with the suggestion of bankruptcy by Imerys in the Florida state court action on February 14, 2019, which triggered the 30-day deadline to remove. (Doc. # 10 at 2).

The Johnson & Johnson Defendants argue that Section 1446 does not apply, instead arguing that Federal Rule of Bankruptcy Procedure 9027 applies. Rule 9027 states:

> If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2). Under this rule, the Johnson & Johnson Defendants argue they had 90 days to remove after the order for relief in Imerys' Chapter 11 case and the removal was timely. (Doc. # 13 at 6-7)

Another court in this district has analyzed whether Section 1446(b)(3) or Rule 9027(a)(2) governs the timeline for removal in a nearly identical case. Lewis v. Johnson and Johnson et al., 5:19-cv-00230 (M.D. Fla. July 3, 2019) (Doc. # 17). This Court agrees with Judge Moody's well-reasoned

ruling that Section 1446(b)(3) governs the timeline for removal. Id. at 4-5.

Specifically, the Lewis order relied on the Supreme Court's decision in Things Remembered, Inc. v. Petrarca, which held that "28 U.S.C. § 1447 — which governs review of remand orders — applied to bankruptcy removals under [Section] 1452." Id. at 4; Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 129-130 (1995). The Lewis court interpreted the Things Remembered decision to hold that "the general removal statutes apply to cases removed under [Section] 1452 unless there is an indication that Congress did not intend for them to apply." Lewis, 5:19-cv-00230 (M.D. Fla. July 3, 2019) (Doc. # 17 at 4). The Lewis court concluded that "nothing in [Section] 1446 indicates Congress did not intend for it to apply to removals under [Section] 1452." Id. at 5. Applying the court's reasoning in Lewis, this Court concludes that the Johnson & Johnson Defendants' removal was untimely and the case must be remanded.

Although the Court finds that remand is appropriate on procedural grounds, the Court will also analyze some of Isa's alternative arguments for remand. Given that Imerys is a party

6

to this case and the broad nature of "related to" jurisdiction under Section 1334(b), subject-matter jurisdiction likely exists. See Wortley v. Bakst, 844 F.3d 1313, 1318 (11th Cir. 2017) (explaining that "related non-core proceedings can be quite broad, encompassing matters that 'could conceivably have an effect on the estate being administered in bankruptcy' even if they are not proceedings 'against the debtor or against the debtor's property'"); see also In re Toledo, 170 F.3d 1340, 1345 (11th Cir. 1999) (explaining that "the jurisdictional grant [under Section 1334(b) is] extremely broad").

But, despite the existence of "related to" jurisdiction and even if the case had been timely removed, equitable considerations would warrant remanding this case. In assessing whether "equitable grounds" exist to remand actions removed under Section 1452, courts look to a number of factors:

> 1) forum non conveniens; 2) the importance of trying the entire action in the same court; 3) the extent to which state law dominates; 4) the state court's familiarity with state law; 5) the existence of a right to a jury trial; 6) judicial economy; 7) comity; 8) prejudice to the involuntarily removed party; 9) the degree of relatedness of the action to the main bankruptcy

7

> case; 10) the possibility of inconsistent results; and 11) the effect of bifurcating claims of the parties.

In re Irwin, 325 B.R. 22, 28 (Bankr. M.D. Fla. 2005)(citation omitted).

Looking at these factors, remand is appropriate on equitable grounds. As Isa explains in his Motion (Doc. # 10 at 22), it would be burdensome to require him to litigate this case in Delaware. While the Johnson & Johnson Defendants argues that it would be convenient for everyone involved to litigate these claims in Delaware, they fail to explain how it is convenient for Isa (a Florida resident) or his counsel to be forced to travel to Delaware to litigate a case that has been pending in Florida state court for over 18 months.

Furthermore, Isa's claims are state law claims best decided by a Florida state court because that court is most familiar with the applicable law. Also, while state law in these areas may not be unsettled, "comity counsels in favor of state-court resolution of state-law claims." O'Riorden v. Johnson & Johnson, 19-cv-10751-ADB, 2019 WL 2371782, at *2 (D. Mass. June 5, 2019) (citation omitted). Indeed, numerous courts across the country have remanded other cases against

the Johnson & Johnson Defendants for this — and many other — reasons. (Doc. # 17-2).

III. **Conclusion**

The case is remanded because the removal by the Johnson & Johnson Defendants was untimely. But, even if the removal had been timely, the case would be remanded on equitable grounds.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff Bryan A. Isa's Motion to Remand (Doc. # 10) is **GRANTED.**

(2) The Clerk is directed to remand this case to state court and, thereafter, close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 11th day of July, 2019.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE